PALMER VS. THE ST. PAUL FIRE & MARINE INSURANCE COMPANY.

FIRE INSURANCE: POLICY CONSTRUED: WAIVER. *(1) Waiver of condition in policy concerning occupancy of premises. (2) Policy construed as to time for furnishing proofs of loss. Waiver of objection as to time.*

1. A fire insurance policy issued by a foreign company, whose principal place of business is at St. Paul, Minn., upon premises in the city of Oconto in this state, described in the policy as " occupied by a tenant," provided that it should be void if the premises became unoccupied without the con-

sent of the company indorsed thereon. During the first week of a certain month, within the term of insurance, the company's local agent at Oconto, having the usual powers of a general agent to issue policies, etc., was told that the former tenant had gone out, and that the premises had been rented to another tenant, who was going in; and he replied that it was "all right." The premises remained unoccupied until the 25th of the same month, when they were injured by fire. *Held*, that the condition above recited was *waived* by the action of the agent.

2. The policy also contained a condition requiring the assured, after a loss, to give notice thereof "forthwith," and furnish a particular account or proofs of it "as soon as possible." *Held*,

(1) That the assured had a *reasonable time*, under the circumstances, to present his proofs of loss, no definite time being fixed by the policy.

(2) That where such proofs, under such a policy, were made within four months after the loss, the company's local agent aiding the assured to make them, without objection, and were retained by the company, without any objection then taken on the ground that they were too late, no defense on that ground could afterwards be made to an action on the policy.

APPEAL from the Circuit Court for *Oconto* County.

Action on a policy of insurance against fire. The facts admitted by the pleadings or established by special verdict (in accordance with a stipulation of the parties), will sufficiently appear from the opinion. Judgment in plaintiff's favor was rendered on such verdict, for the amount of the loss; and the defendant appealed.

Brief for the appellant by *Hastings & Greene*, and oral argument by *Mr. Hastings*. They contended, 1. That the local agent, Beyer, had no authority to waive the condition in respect to occupancy. The cases holding that local agents clothed with certain powers must be held to have the powers of general agents, go upon the theory that their known authority and recognized acts are such as justify the community in dealing with them as general agents. Where it is known by the party dealing with the agent that he is without authority, he cannot claim the protection of this principle. Story on Agency, § 127; Dunlap's Paley, 201. The law of agency is the same in cases of insurance as in other cases. *Insurance*

*Co. v. Wolff*, 95 U. S., 326; *Merserau v. Ins. Co.*, 66 N. Y., 278; 13 Wall., 22; 27 Iowa, 203. One who takes a policy containing a valid, express stipulation that the agent shall not have a certain power, cannot recover on the ground that the agent had such power, at least in the entire absence of any evidence that the insurer had subsequently enlarged the agent's power, or done any acts tending to create a belief in the mind of the insured that it had done so. *Davis v. Mass. L. I. Co.* (C. C. of U. S. for Vt.), 3 Am. L. T., N. S., 620; *Merserau v. Ins. Co., supra; Catoir v. Am. L. I. & T. Co.*, 4 Vroom (33 N. J. Law), 487; *S. C.*, 1 Life & Acc. Ins. Rep., 336; *Walsh v. Hartford F. I. Co.*, 17 Alb. L. J., 273; *Thayer v. Agricultural Ins. Co.*, 5 Hun, 566; *Boorman v. Am. Exp. Co.*, 21 Wis., 152; *Fuller v. Madison M. I. Co.*, 36 id., 599; *Bush v. Westchester F. I. Co.*, 63 N. Y., 531; *Marvin v. Wilber*, 52 id., 270. 2. That there was no evidence of the agent's assent to the house remaining unoccupied. No request was made for the company's consent that it should so remain, and plaintiff's statement to the agent naturally indicated a change of tenants *then actually taking place*, and did not naturally imply that the house was to remain vacant for a single day. 3. That the company did not waive the forfeiture by failing to notify the assured that it rescinded the contract, or to return the unearned premium; especially as there is no evidence that it knew of the continued want of occupancy. Counsel distinguished, as to this point, *Devine v. Ins. Co.*, 32 Wis., 477. 4. That the condition of the policy requiring a particular account of the loss to be rendered " as soon as possible," entitled the assured to a reasonable time, and no more, and in this case the act was not done within a reasonable time. *Inman v. Western F. Ins. Co.*, 12 Wend., 452, 460; *McEvers v. Lawrence*, 1 Hoff. Ch., 172; *Brink v. Hanover F. I. Co.*, 16 Alb. L. J., 13; *Trask v. St. F. & M. I. Co.*, 29 Pa. St., 198; 75 id., 378; 7 Jones (N. C.), 433; *Columbia Ins. Co. v. Lawrence*, 10 Peters, 507, 514; 1 Ellis & Ell., 285. 5. That

the failure of the company to return the proofs, or object to them, on the ground that they were not furnished in time, was no waiver, because the defect was one that *could not be cured. St. Louis Ins. Co. v. Kyle*, 11 Mo., 278 (2 Bennett's F. I. Cas., 659); *Guernsey v. American Ins. Co.*, 17 Minn., 112; *Blossom v. Lycoming F. I. Co.*, 64 N. Y., 166; *Bennett v. Lycoming Co. Mut. Ins. Co.*, 67 id., 277; *Patrick v. Ins. Co.*, 43 N. H., 621; *Brink v. Hanover F. I. Co., supra; Cornell v. Milwaukee M. F. I. Co.*, 18 Wis., 387, 392; *Killips v. Putnam F. Ins. Co.*, 28 id., 481. In *O'Conner v. Hartford F. Ins. Co.*, 31 Wis., 160, the real point decided was, that by objecting to the proofs on one ground stated, and in such a manner as amounted to an invitation to the assured to make new proofs free from objection on that ground, the company waived other grounds known to them at the time, including the ground that the proofs were too late.

*W. H. Webster*, for the respondent, relied chiefly on *Killips v. Putnam F. I. Co.*, 28 Wis., 472; *O'Conner v. Hartford F. I. Co.*, 31 id., 160; and *Gans v. St. P. F. & M. I. Co.*, 43 id., 108. He also cited *Miner v. Phœnix Ins. Co.*, 27 Wis., 693; *Devine v. Home Ins. Co.*, 32 id., 471; *Roberts v. Continental Ins. Co.*, 41 id., 321.

ORTON, J.   The determination of this case depends upon the question whether there was sufficient evidence of the strict performance by the insured, or of the waiver of such performance by the insurance company, of certain conditions or stipulations in the policy of insurance, to entitle the plaintiff to recover.   These conditions are as follows: " Or if the premises become unoccupied, *without the assent of the company indorsed thereon*,   *   *   *   then and in such case this policy shall be void."   " Persons sustaining loss or damage by fire shall forthwith give notice of said loss to the company, and, *as soon as possible*, render a particular account of such loss, signed and sworn to by them," etc.

Palmer vs. The St. Paul F. & M. Ins. Co.

The answer sufficiently raises these two issues: as to the first condition, specifically; and as to the second, by a general denial, covering the allegation of the complaint of general performance.

It was in evidence that the insured met the agent Beyer on the street, during the first week in October, 1875, and told him that the tenant who had been occupying the premises had gone out, and that he had rented the premises to another tenant, who was going in; and that Beyer said, " *It is all right.*" The premises remained unoccupied from that time until the 25th day of October, the time of the fire.

The policy of insurance describes the premises as " occupied by a tenant." The insured notified the agent Beyer of it the next day after the fire; and, on the 25th day of February following, the agent made out the " particular account " or proofs of loss, for and at the request of the insured, and sent the same to the company, and had notice that they were received by the company. The proofs of loss contained the statement that the premises were unoccupied at the time of the fire. There was no proof of any objections made by the agent or by the company, that the proofs were insufficient or out of time, or on account of the premises being unoccupied at the time of the fire; and the proofs were retained by the company, without further attention to the subject.

Beyer was the local agent at the city of Oconto, in this state, of the insurance company of the state of Minnesota, and whose home office, or principal place of business, was at the city of St. Paul in that state, quite distant from this local agency at Oconto; and his powers and authority to act for the company in receiving notice, waiving conditions and determining questions of increase of risk, for the sake of protecting those doing business with him innocently or ignorantly, and for the safety of the public, must be held to be, within the scope of such a general agency, as unlimited as those of the officers of the company themselves. In *Viele v. Ger-*

*mania Insurance Co.*, 26 Iowa, 9, where a condition similar to this one in respect to a change of the occupation of the premises without the *written consent* of the company, was under consideration, the court held that such a condition could be waived by the agent, and say in their opinion: " It is difficult to conceive of an act in the prosecution of the business of insurance, which the officers of the company can do, that cannot be done by the agent." In *Miner v. The Phœnix Insurance Co.*, 27 Wis., 699, the condition under consideration was: " If the property be sold or transferred, or any change take place in title or possession, whether by legal process or judicial decree or voluntary transfer or conveyance, . . . then . . . this policy shall be void." This court held that the agent could waive such a condition, and, in the opinion of the learned chief justice, said: " The strong tendency and decided weight of all modern authority is, that agents so authorized and appointed may waive any of the written or printed conditions of the policy, and bind the company by such waiver; " and again: " Foreign insurance companies are bound by the acts of their agents, acting within the scope of their general authority, without any immediate knowledge of the transaction on the part of the company."

In *Gans v. St. P. F. & M. Ins. Co.*, 43 Wis., 108, there was this same clause in the policy, and the premises became vacant nearly a month before, and remained vacant to the time of the fire, with the knowledge of the agents of the company; and proofs of loss were made out soon after the fire, by or under the direction of the agents, and forwarded to the principal office of the company, which were held insufficient, and returned for further proofs, and forwarded again at an expense to the insured. Upon these facts, this court held that notice to the agents was notice to the company that the premises had become unoccupied, and that requiring the insured to expend time and money in making additional proofs of loss was a waiver of this condition. In that case it is also held

Palmer vs. The St. Paul F. & M. Ins. Co.

that the other stipulations of the policy are immaterial to this question, and therefore they need not be recited or considered here. The same principle is decided in *Devine v. Home Ins. Co.*, 32 Wis., 476; and the court say in that case, in respect to the claim that the insured promised to occupy the premises at some future time: "If there was no time for that purpose definitely fixed or agreed upon, then it would have become the duty of the agent to have ascertained the fact, and notified the plaintiff that the company elected to cancel or consider the policy void because the premises remained unoccupied."

This and kindred questions upon insurance policies have been so fully considered and decided by this court in other cases, that it is unnecessary to cite other authorities; and we must hold that the condition under consideration was waived by the agent Beyer. When informed by the insured that the premises were unoccupied at a certain time, his response, "It is all right," must be held a full waiver of this condition, and precluded the company from avoiding the policy on that ground. The time during which the premises might remain vacant, for an exchange of tenants, or how long a time might necessarily elapse before the tenant "coming in" would be in actual occupancy of the premises, were left quite indefinite, and dependent upon many circumstances and accidents; and if the agent understood that another tenant was soon to take the place of the outgoing tenant, he must have also understood that some time at least must elapse, and that the premises would remain unoccupied until such entry by the "tenant coming in." No time being fixed or made definite in which the premises should remain vacant for such exchange of tenants, and there being no evidence as to the circumstances by which it could be otherwise determined, this court must hold that the time between the first week in October and the 25th was no unusual, extraordinary or unreasonable time for such exchange; and the language above quoted, and the principle

thereby established, in the case of *Devine v. Home Ins. Co.*, would be applicable here; and the agent should have ascertained that fact, and notified the insured that the company elected to cancel or consider the policy void on account of such continued unoccupancy.

In the description of the premises in the policy, it is stated to be "occupied by tenant;" and it must be presumed that the company understood that it would or might be subject to the usual vacancy, delays and accidents of a change of tenants; and if the company or the agent designed to take advantage of the time of unoccupancy for such purpose, such time should have been fixed and made definite, either by the policy, or by the agent when informed that it was so unoccupied.

In relation to the second condition or stipulation, requiring the insured, "as soon as possible," to render a particular account of the loss, or proof of loss, the time limited by the words "as soon as possible," cannot mean "*forthwith;*" for this latter expression is used in the first clause of the condition, requiring mere notice of such loss (which notice was given the next day after the fire); or the word "forthwith" would have been used to limit and qualify both duties, giving such notice, and rendering such "particular account" of the loss. It is, that the insured "shall *forthwith* give notice of said loss," and *as soon as possible* render "a particular account of such loss."

"As soon as possible" cannot mean instantly or directly, for it might be impossible to do the act instantly. *Duncan v. Topham*, 8 Man., Gr. & Scott, 229, and note. When no time for the performance of an act is fixed or limited, it may be done in a reasonable time. *Waterman v. Dutton*, 6 Wis., 265. Time is not essential or material in its strictness, unless the parties make it so by their contract. *Hall v. Delaplaine*, 5 Wis., 206. Here the time is indefinite and unlimited, and must mean that the particular account of the loss should be

Palmer vs. The St. Paul F. & M. Ins. Co.

made as soon as it could be, under the circumstances, or within a reasonable time, or as soon as practicable.

In cases where no definite time is fixed for rendering such particular account of a loss by fire, it may be done in a reasonable time; and if it is done at any time, and the account or proof of loss is not objected to on account of being too late, but is received and kept, and no objection is made on that account, the insurance company will be estopped from afterwards, in defense to an action on the policy, setting up that the account was rendered too late. *Killips v. The Putnam Fire Ins. Co.*, 28 Wis., 472; *O'Conner v. Hartford Fire Ins. Co.*, 31 id., 160. In this last case, the learned chief justice says in his opinion: " This court is prepared to affirm, as a general principle applicable to all cases of this nature, that, where the company declines to receive the proofs of loss and to pay it, upon the ground of any insufficiency or informality in such proofs, or *because made out of time,* as was done in this instance, it shall, in its communication to the insured, state the grounds of such refusal," etc. The case cited by the learned counsel of the appellants, *Blossom v. Lycoming Fire Ins. Co.*, 64 N. Y., 166, is inapplicable, because the time within which the act was to be done was thirty days, and the delay was four months. Then, in that case the company at once returned the proofs of loss, on the ground that they were too late.

Here no time is fixed, except a reasonable time, and the insured obtains the willing service of the agent of the company to make out for him his proofs of loss within four months after the fire. The agent forwards said proofs of loss to the company, and they are received by the company and kept by it, and no objection is made to their being *out of time* or *too late,* and the company raises this objection for the first time in defending this suit. The company, by its action in this matter, and by the conduct of the agent, has most clearly waived all such objections.

VOL. XLIV — 14

*By the Court.*— The judgment of the circuit court is affirmed, with costs.

RYAN, C. J., and LYON, J., took no part.