BERRY BROTHERS v. FAIRBANKS, MORSE & COMPANY.

Decided July 2, 1908.

**1.—Evidence—Contract—Construction.**

Where the terms of a contract are indefinite and vague, proof of the surrounding circumstances is admissible to explain and enable the court to give instructions as to its proper construction.

**2.—Same—Soon as Possible.**

In an action for the price of machinery bought for use in baling hay, on the issue as to whether the seller had complied with his written contract to ship "as soon as possible," evidence of negotiations pending the sale and showing that the seller was informed as to the use to which the machinery was to be put and of the time when the haying season would open was admissible to explain the contract.

**3.—Same—Novation.**

The admissibility of evidence to explain the proper construction of a contract to ship machinery "as soon as possible," was not affected by a subsequent agreement substituting two engines for the one first ordered, though the making of such new contract might have the effect to enlarge the time of performance.

**4.—Action on Contract—Admission by Defendant—Cross-Action for Damages.**

Admission of plaintiff's cause of action except as same might be defeated by the matters pleaded in defendant's answer, could not be so applied in an action for machinery sold, answered by a cross-action of defendant for damages from failure of plaintiff to comply with his contract as to time of delivery, as to preclude defendant from establishing such cross-action and justify a peremptory instruction for defendant.

**5.—Contract—Time of Delivery—Evidence—Pleading.**

On a contract for sale of machinery to be shipped "as soon as possible," evidence that the parties contemplated the manufacture of the machinery to order, was not admissible to enlarge the time of performance, unless such facts were pleaded.

Appeal from the District Court of Lamar County. Tried below before Hon. T. D. Montrose.

*J. S. Patrick, W. F. Moore* and *Burdett & Connor,* for appellants.— The evidence of Berry and Reeves, excluded by the court, was admissible to show knowledge by plaintiff, at the time the contract sued on was made, of the use defendants expected to make of the engine purchased, the date when they would need the engines for this purpose, and the necessity for shipment "as soon as possible" in order to avoid injury and damage to the hay crop of the defendants. George v. Jones, 61 Texas, 351; Watkins v. Junker, 4 Texas Civ. App., 633; Ellis v. Tipps, 16 Texas Civ. App., 85; Dilley v. Ratcliff, 29 Texas Civ. App., 545; Saunders v. Weekes, 55 S. W., 33; Pitman v. Block Queensware Co., 106 S. W., 724; United States Gypsum Co. v. Shields, 106 S. W., 725; Gorham v. Dallas, C. & S. W. Ry. Co., 106 S. W., 930.

*Moore, Park & Birmingham,* for appellees.—The effect of the admission filed by appellants, defendants in the court below, was to make a prima facie case for appellee. It meant that the defendants admitted every fact necessary to be alleged in plaintiff's petition in order for plaintiff to recover. Smith v. Traders' Nat. Bank, 74 Texas, 541; Mobile Fruit & Trading Co. v. Boero, 55 S. W., 361; Sanders v. Bridges, 67 Texas, 93; Mutual Ins. Co. v. Baker, 10 Texas Civ. App., 515.

LEVY, ASSOCIATE JUSTICE.—The appellees' cause of action was founded on a written contract alleged to have been entered into between appellants and appellees, by the terms of which the appellees sold to appellants two eight-horse-power portable gasoline engines, to be shipped as soon as it was possible to ship same, for a consideration to be paid when the said engines were put into successful operation by appellee's erector. It was alleged that the said engines were shipped and consigned to appellants as soon as it was possible to ship same, and were received by the appellants; and there were further alleged facts which appellees claimed showed that the services of appellees' erector were waived by appellants.

Appellants answered by a general demurrer and general denial, and in a cross-action for damages, alleged to have been sustained by a failure on the part of the appellees to ship and deliver the engines "as soon as possible," as provided for in the contract. The following was filed by the appellants: "Now comes the defendant, and, before announcing ready for trial, in open court admits that the plaintiff has a good cause of action, as set out in his petition, except so far as it may be defeated, in whole or in part, by the fact of defendant's answer constituting a good defense, which may be established on the trial of this cause, and demand the opening and closing of the case."

The case was tried to a jury, and under a peremptory instruction the jury returned a verdict in favor of the appellees. From the judgment entered in accordance with the verdict the appellants have brought the case on appeal, and seek to have the same revised for the errors assigned.

The appellants, by their first and second assignments of error, complain of the ruling of the court in excluding the evidence of Berry and

Rives. The main objection urged is that such evidence has the effect to alter and vary the terms of a written contract by previous negotiations or contemporaneous parol agreement. Looking to the evidence offered and excluded by the court it is, in substance, that appellees' agent was advised by the appellants at the time of the contract, and during the negotiations for the purchase of the ten-horse-power engine, of the importance to the appellants of the greatest expedition in shipping the engines, by reason of the harvesting season of hay being ready on June 10th, and the vast amount of hay to be harvested, and that the engine was bought for use in the beginning and flush of the season.

The written contract here involved fixes, nor refers to, no more certain and definite time within which the engines should be shipped to Brookston than the provision "as soon as possible." Because the words possess so much flexibility, they can not have an arbitrary definition, and consequently are vague and general; they look forward to certain happenings and expedition of the parties. It is the duty of the court, however, to interpret the obligation of this clause of the contract. To acomplish the mutual meaning attached by the parties to the contract to the words used, and to make the clause reasonable, and not to place either party at the mercy of the other, the words "as soon as possible" must be construed and applied in the light of the proof of the surrounding circumstances. It is a recognized rule that, when the terms of a contract are indefinite and vague, proof of the surrounding cirumstances is admissible to explain. (1 Greenleaf, section 288.) The cross-action of appellants is for damages for alleged failure to ship the engines "as soon as possible." In the ordinary course of things, upon a trial before a jury, the inquiry of whether the engines were shipped "as soon as possible" would be a mixed question of fact and law. It devolved upon the court to interpret the meaning of the parties to the contract, and to so instruct the jury in the proper formulated instruction. It was the province of the jury to apply the evidence offered in the case in the determination of whether or not the undertaking was performed within the meaning and obligation of the contract. The case of Robinson v. Brooks, 40 Fed. Rep., 525, was a case to recover back the purchase price of a threshing machine for failure to ship "at once, or as soon as possible." In this case the court quoted from and followed the meaning given to the words in the case of Palmer v. Insurance Co., 44 Wis., 208, where the term "as soon as possible," as employed in a policy of insurance, was ruled to mean "within a reasonable time, with an undertaking to do it in the shortest practicable time." The case of Insurance Co. v. Lawrence, 9 U. S. (L. Ed.), 512, was a suit on an insurance policy wherein there was a provision that the assured should produce an account of the loss under certificate of a magistrate "as soon as possible." It was ruled by the court that the parties meant "that the certificate must be procured within a reasonable time after the loss." The case of Williams v. Rittenhause & Embree Co., 64 N. E., 995, was a suit to enforce a mechanic's lien, and involved a contract for the erection of buildings, and provided that the contractor should have the brick walls ready for the roof in thirty days from the date, and the balance of the work "as soon as practicable thereafter." There the court, after reviewing decided cases, used the following expression: "The word 'practicable' and the word 'possible' may,

and sometimes do, have the same meaning. If here regarded as synonymous, neither could be construed to require more than the exercise of reasonable diligence, in view of all the circumstances which might attend upon the execution of the work. .It may be, and often is, possible to do that which is impracticable." We are of the opinion that the court erred in excluding the evidence. It was admissible and necessary in order to enable the court to properly construe the clause involved, and to formulate the proper instruction to the jury in respect to the meaning the parties attached to the words, and as well to enable the jury to determine, along with all the facts, whether or not the undertaking was performed within the meaning and obligation of the contract.

That two engines were subsequently substituted for the one engine previously contracted for would not be a tenable objection to the evidence. 1 Greenleaf, section 303. The later contract covers the same character and terms of performance, and merged in that respect the former one. The dealings of the parties were with reference to an engine being shipped "as soon as possible," and the parties thereto had within contemplation the performance of the contract within such time. That two engines, instead of one, were to be shipped, might enlarge the time of performance, and such evidence could properly be considered by the jury in determining the performance of the terms of the contract.

It is contended by appellees that, by the admission filed by the appellants, they were precluded from offering proof in support of their claim, and that in consequence no other judgment than that rendered could have been entered by the court. The effect given to the written admission by the court doubtless prompted the peremptory instruction to the jury. Appellees' cause of action was founded on a written contract, and a judgment was sought on the written contract. Appellants entered a general denial and filed a cross-action for damages for breach of the contract. Appellants' admission was entered under authority of rule 31 of Practice for the District and County Courts, and was of binding effect that appellees had a good cause of action, as set out in their petition, except so far as it may be defeated, in whole or in part, by the facts of appellants' answer constituting a good defense. The contemplation of the rule is that the admission relieves the appellees of proving the case, and to allow them to recover to the extent of the claim made in their pleadings. Sanders v. Bridges, 67 Texas, 93. The admission reaches to the entire cause of action plead, and appellants can not question failure to offer evidence on any material allegation. Taylor v. Reynolds, 105 S. W., 65. But in this case we do not think the scope and effect of this admission could properly be construed to be a waiver by appellants of their cause of action, and the admission applied in denial to appellants to prove and recover on their cross-action for damages for breach of the contract. A cause of action on a written contract, though executory, and a cause of action for damages for the breach of the contract, are legally severable and distinct, and are not so drawn together that the one cause of action necessarily involves and includes the other. A cause of action for damages is not adjudicated by a judgment in a suit on a contract of sale. Dilley v. Ratcliff, 29 Texas Civ. App., 545. Consequently a judgment on the contract would not be a bar to an independ-

ent and subsequent suit for damages for breach of the contract. There is a distinction to be drawn between a cross-action for damages for breach of the contract sued on and answer pleading rescission or failure of consideration of the contract. In the latter plea there is involved the legal contention that the contract sued on is incapable of enforcement, and such defenses must be plead in the suit on the contract, or a judgment on the contract would be a bar to any future action. Because such defenses are necessarily drawn into and involved in the plaintiffs' cause of action an admission might properly, in a given case, be ruled to waive and preclude such defenses. But in a cross-action for damages it does not involve the legal contention that the contract is incapable of enforcement between the parties. Such plea affirms the contract in all things as made, and seeks damages for its nonperformance or failure to perform according to its terms. An admission under this rule would have the effect to admit and affirm the contract as sued on. Judgment would be entered on the contract for appellees, and if judgment be recovered on cross-action in damages, then such recovery would be entered over and against or as a setoff against appellees. A recovery on the action would not be legally inconsistent with a recovery by appellees on their contract. They have a recovery under the admission for their entire claim, and a recovery on the cross-action would not be in a legal sense in defeat of the contract or recovery on the cause of action plead.

The petition alleged that appellants waived that portion of the contract which bound appellees to put the engines in successful operation by an erector furnished by appellees. The legal effect that would properly be given to the waiver, and the admission of the waiver, would be the waiver of the right to insist upon the erection of the engines under the terms of the contract, but the admission could not properly be construed to be a waiver of any damages arising from a breach of the contract so far as the failure to ship the engines within the time for erection. 3 Page on Contracts, section 1509.

Because this admission did not preclude the defense, it was error to not permit the issues of the cross-action to be decided by the jury. Smith v. Traders' Bank, 74 Texas, 541.

In the absence of pleadings that it was in contemplation of the parties that the engines contracted to be sold were to be manufactured, and that the delay in the shipment, if any, was caused by their having to be manufactured, the evidence complained of in the third assignment would not properly be admissible. But on another trial this objection may not exist.

It was error to give a peremptory instruction in this case, and the assignment of error in this respect should be sustained.

The case is ordered reversed and remanded for another trial.

*Reversed and remanded.*