## REED et ux. v. McCELVEY LOAN & INVESTMENT CO.

### No. 4494.

Court of Civil Appeals of Texas. Amarillo.

Oct. 21, 1935.

Rehearing Denied Dec. 9, 1935.

R. A. Sone and Harry R. Bondies, both of Sweetwater, for appellants.

Robt. A. Sowder, of Lubbock, for appellee.

JACKSON, Justice.

The plaintiff, McCelvey Loan & Investment Company, a Texas corporation, instituted, in the district court of Bailey county, an action in trespass to try title against the defendants, A. M. Reed and his wife, Rosa L. Reed, to recover title to and possession of the northwest quarter and the southwest quarter of section 45, block C, in Bailey county, Tex.

The defendants answered by general denial, plea of not guilty, and by way of cross-action they alleged:

That in 1925 they purchased six quarter sections of land in Bailey county from G. E. and H. M. McCelvey at $25 per acre and made a cash payment thereon of $9,600. That each quarter section contained 160 acres, and was conveyed by a separate deed which retained a vendor's lien to secure the payment of $2,400, which constituted the balance against each quarter, and against each quarter a separate deed of trust lien was created. That their son executed the $2,400 note against one quarter, their son-in-law executed a note in equal amount against another quarter, and they executed a separate note for $2,400 against each of the other four quarters. That the land involved is a part of the land so purchased and conveyed to the defendants, and the

southwest quarter and the south 40 acres of the northwest quarter was immediately occupied as their homestead, and is still used and claimed as such by them. That the defendants were unable to meet the payments as stipulated in the notes, and in January, 1931, they agreed with the plaintiff, acting by and through its agent, H. M. McCelvey, Jr., to convey to plaintiff 252.7 acres of land in Nolan county, Tex. (hereinafter called the Nolan county land), for a consideration of $3,300 on the agreement that the balance of $2,800 against their said homestead should be satisfied out of said $3,-300 and the homestead released from all further indebtedness they were due the plaintiff; the remainder of $500 to be applied as plaintiff deemed proper on the defendants' indebtedness to it.

That the defendant A. M. Reed was seventy-three years old, and had lost his eyesight, his wife was seventy years old and uneducated, and neither of them was familiar with instruments for the transfer of real estate or interest therein, all of which was known to plaintiff and its agent. That, on account of these conditions, the plaintiff represented and agreed to prepare correctly the necessary papers to consummate the transaction as alleged, and did prepare and forward a deed to the defendants, who were unable to read it, and, because they relied on plaintiff's representations, executed and delivered such deed without learning its contents. That said deed so prepared and executed conveyed the Nolan county land to G. E. and H. M. McCelvey, and was for a consideration of only $2,319.17 instead of $3,300. That the plaintiff fraudulently failed to give defendants credit for the agreed consideration of $3,300 for the Nolan county land, fraudulently failed to apply a sufficient amount thereof to the discharge of the lien against their homestead, and fraudulently refused to release their homestead from the vendor's and deed of trust liens, none of which the defendants learned until after a sale by plaintiff of the land involved under and by virtue of its deed of trust. That the acts of the plaintiff in so preparing the deed to the Nolan county land, failing to give the defendants credit for $3,300, and refusing to release their homestead, were fraudulent and done knowingly and for the purpose and with the intention of defrauding the defendants. That, but for the false representations relative to the correct preparation of the instruments, the application of the credits, and the release of their homestead, on all of which they relied, defendants would not have executed and delivered the deed to the Nolan county land.

Defendants prayed that plaintiff take nothing, that they have judgment applying the consideration for the Nolan county land first to the satisfaction of all claims held by plaintiff against their homestead, the removal of the cloud from the title thereto, and for judgment for their damages, costs of suit, and such other and further relief, in law and in equity, to which they were entitled.

By supplemental petition the plaintiff filed a general denial, alleged that it gave the defendants credit for the Nolan county land according to contract, furnished them receipts and exhibits showing the consideration they were allowed for such land; that they knew the amount of credit they had received and the application thereof, and made no complaint, by reason of which they are not entitled to recover on their cross-action.

After the issues were joined, and before commencement of the trial, the defendants, in compliance with rule 31 for county and District Courts, filed their motion for leave to open and close the evidence and argument, and withdrew their plea of not guilty and general denial. This motion was granted; the defendants assumed the burden, read their pleadings, and introduced testimony during the afternoon of the first day of the trial. The following morning they asked leave to withdraw their motion under rule 31 admitting the plaintiff's cause of action, stating that it had been their intention to admit paper title only in the plaintiff and not their purpose to deprive themselves of their right to try the case. This action was opposed by the plaintiff and the leave to withdraw refused. The defendants then asked that the jury be discharged and the case continued over to another term of court, and this request was likewise refused.

At the conclusion of the testimony, the defendants renewed such requests, which were denied, and a verdict directed in favor of the plaintiff. Upon the verdict so directed, judgment was entered that the plaintiff recover title and possession of the land in controversy, a writ of possession ordered to issue, and the officer directed to place plaintiff in possession of the property.

It was also decreed that defendants take nothing by their cross-action.

The appellants contend that their request was timely made, and the court abused his discretion to such an extent as to constitute reversible error in refusing to permit them to withdraw their written admission that plaintiff had a good cause of action as alleged, under rule 31 for county and district courts.

Appellants had by the admission obtained the right to open and close the case, a right without which admission they could not have had. They did not claim to have been misled by appellee or that they were surprised by the testimony or by the ruling of the court. Their position is that they were mistaken as to the extent to which they, as a matter of law, would be bound by such admission.

■ The record shows that the case was tried the last week of the last term of court; that the jurors, with' the exception of those engaged in the trial of this case, had been discharged for the term, and that granting such motion would have necessitated continuing the case until the next term of court, and would have permitted appellants to continue in the possession of the property. Under this record we do not feel warranted in holding that the court committed reversible error in refusing to permit such juggling with the rule, trifling with the court, and daffling with the other litigant. This assignment is overruled.

■ The appellants assail as error the action of the trial court in peremptorily instructing a verdict against them.

The court, in addition to decreeing title and possession of the land involved to the appellee, also adjudged that the appellants take nothing by their cross-action.

The appellants had alleged in effect that they agreed to sell, and the appellee agreed to buy, the Nolan county land for a consideration of $3,300; that, because of the fraud perpetrated on them, they were paid but $2,319.17. They asked that such contract be performed; that they be given credit for the entire $3,300; that they recover their damages and all relief to which they were entitled, both general and equitable.

■ The appellants had a right to stand upon the bargain and recover as damages the difference, if any, between the price agreed upon and the price paid them for the Nolan county land. Russell v. Industrial Transportation Co., 113 Tex. 441, 251 S.W.

1034, 258 S.W. 462, 51 A.L.R. 1; Mason v. Peterson et al. (Tex.Com.App.) 250 S.W. 142.

■ While controverted, the testimony of the appellant A. M. Reed and two other witnesses was to the effect that appellee agreed to pay $3,300 for the Nolan county land. The evidence shows, without substantial contradiction, that appellants were paid but $2,319.17. The admission did not defeat appellants' claim to the difference, if any, between the price agreed upon and the price they were paid for the land. Berry Bros. v. Fairbanks, Morse & Co., 51 Tex. Civ.App. 558, 112 S.W. 427.

The judgment decreeing title and possession of the land to appellee is affirmed. The judgment on the cross-action of appellants is reversed, and the cause of action therein alleged remanded.