**THOMASON et ux. v. FLIPPEN–PRATHER REALTY CO.**

No. 11968.

Court of Civil Appeals of Texas. Dallas.

April 18, 1936.

Spafford & Spafford, of Dallas, for appellants.

Eckford & McMahon, of Dallas, for appellee.

BOND, Justice.

This suit was instituted in a district court of Dallas county, Tex., by appellee, Flippen-Prather Realty Company, a corporation, as plaintiff, against appellants, G. W. Thomason and wife, Bettie H. Thomason, as defendants, upon balance due of a promissory note and foreclosure of a deed of trust on certain furniture and incidental household furnishings. The note and deed of trust were executed and delivered by the Thomasons to one L. L. Culpepper; and, before maturity, for valuable consideration, without knowledge of any infirmity, if any, assigned to the plaintiff. During the pendency of the suit, the plaintiff sued out a writ of sequestration, levied upon the mortgaged property, and the defendants replevied by the filing of a replevy bond.

The petition of the plaintiff shows, in detail, the facts upon which the suit is based, and prays judgment for its debt—principal, interest, and attorney's fees, against the defendants, jointly and severally, and for a foreclosure of its lien upon the mortgaged property; also for special and general relief.

The note is shown on its face to be an unconditional promise on the part of defendants to pay the sums of money therein stated, and the liability of the defendant G. W. Thomason is in no wise limited by the note or deed of trust; and there is no issue raised either in pleadings or proof that the plaintiff is not a purchaser of the note and mortgage in due course, for valuable consideration, before maturity. The note and deed of trust were signed by both G. W. Thomason and wife, Bettie H. Thomason, and the deed of trust separately acknowledged by them before a notary public.

The defendants contend that the note and deed of trust were not given to Culpepper for any of the purposes for which the wife is personally liable—for necessaries furnished herself and children, or for benefits to her separate estate; the husband seeks to avoid liability on the ground that he signed the note and deed of trust only to evidence his consent given to his wife to execute the written obligations, that he received no part of the consideration therefor, and that he did not participate in the transaction, except in so far as was necessary to comply with a statutory requirement enabling his wife to execute the instruments. In brief, the debt is questioned by the defendants as not being the husband's obligation, and the wife not liable because of coverture.

The case was submitted to the court without a jury, and judgment entered in favor of plaintiff against the defendants (appellants), establishing plaintiff's mortgaged debt to be the sum of $1,889.47, and directed a foreclosure of the deed of trust and sequestration liens on the property described therein. No personal liability on the note and indebtedness, beyond the foreclosure of the liens, was decreed against either of the defendants.

The unconditional and unlimited obligation of G. W. Thomason perforce of the note sued on to pay the sums of money therein stated, and appellee acquiring the note for a valuable consideration before maturity, without notice of any claim for want of consideration, or that the note was signed pro forma by G. W. Thomason, and the appellee being a holder of the deed of

800

trust securing the same, and it being unconditional and unlimited security, appellee was entitled .to a personal judgment upon said note against G. W. Thomason and for a foreclosure of the deed of trust lien against both defendants. The provisions of the note constitute a binding and enforceable contract between G. W. Thomason and the payee's assignee, notwithstanding the alleged infirmity in its execution. No attempt was made to fasten a personal obligation on the wife because of coverture, and no complaint is here made because of the judgment not running in personam against the appellant G. W. Thomason. The judgment in rem in no wise relieved the security from the payment of the debt, and a foreclosure of the liens against the appellants, jointly and severally, was proper; the judgment of the lower court is therefore affirmed.

Affirmed.