**WILLIAMSON v. DILTZ et al.**

No. 1620.

Court of Civil Appeals of Texas. Eastland.

Jan. 8, 1937.

Rehearing Denied Feb. 19, 1937.

Wagstaff, Harwell, Wagstaff & Douthit, of Abilene, for appellant.

Smith & Eplen, of Abilene, and N. D. Cobb, of Merkel, for appellees.

FUNDERBURK, Justice.

By deed dated September 26, 1929, Mrs. S. M. Compton, joined by her husband, T. F. Compton, purported to convey certain lots in Merkel, Tex., to their daughter, Mrs. Tommie Lou Diltz, for a recited consideration of $2,500, which was not paid. The instrument recited that the property was to be the separate property of the grantee. Of date January 30, 1930, P. A. Diltz, and Mrs. Tommie Lou Diltz executed a note for $750, due on or before January 30, 1931, payable to W. L. Diltz, Sr., and at the same time executed a deed of trust on said lots to secure payment of said note. In consideration of the note, W. L. Diltz, Sr., paid $750 to the account of Mrs. Tommie Lou Diltz in a Merkel bank, and the money was used exclusively by Mr. and Mrs. Compton, the grantors in said deed. P. A. Diltz, the husband of Tommie Lou Diltz, took no part in the negotiations, but merely signed the note, and signed and acknowledged the deed of trust, upon the request of the wife, or the attorney drawing the papers, to do so.

In this suit by Mrs. J. M. Williamson, a feme sole, as owner and holder of the $750 note to recover thereon and foreclose the deed of trust lien, the court, in response to a proper joinder of issues, held that the conveyance of the land by the Comptons, to Mrs. Diltz, and the execution of the note and deed of trust by P. A. Diltz and Tommie Lou Diltz was a simulated transac-

tion by which W. L. Diltz made a loan to T. F. Compton and undertook to fix a lien on the lots in question which constituted the homestead of the Comptons, and was therefore void.

Upon the trial of the case the court gave judgment denying plaintiff any recovery whatever, and the correctness of the judgment is unchallenged, save in that it failed to award plaintiff a recovery on the note against P. A. Diltz.

The note was simply signed "Tommie Lou Diltz" and "P. A. Diltz." The deed of trust began "Know All Men By These Presents, That Tommie Lou Diltz joined [by] her husband P. A. Diltz, of the county of Taylor" etc. There was nothing in the note or deed of trust to indicate that P. A. Diltz signed the note for any other purpose than to evidence his obligation to pay the amount therein specified according to the terms stated.

 Neither the pleadings nor the evidence showed any defense so far as P. A. Diltz was concerned against the claim of his liability on the note. Under the circumstances, if effect should be given to any testimony tending to show that he only signed the note in a pro forma capacity and without intent to become liable thereon, a clear case would be presented of allowing parol testimony to vary the terms of a written contract. A correct statement of the law deduced by Texas Jurisprudence from the authorities is that, "if the instrument, on its face, is clearly that of the person signing it, parol evidence will not be received to exempt him from liability, on the ground that he meant to bind only his principal. To permit evidence to be given that the party who appears on the face of the instrument to be personally a contracting party is not a contracting party would be to allow parol evidence to contradict the written agreement, and this is not permissible." 2 Tex.Jur. p. 587, 588, § 176; Sanger v. Warren, 91 Tex. 472, 44 S.W. 477, 66 Am.St.Rep. 913. This question has heretofore been passed upon by this court in Stahlman v. McManus, 93 S.W.(2d) 470, and Womack v. First Nat. Bank (Tex.Civ.App.) 81 S.W.(2d) 99. To the same effect, see Thomason v. Flippen-Prather Realty Co. (Tex.Civ.App.) 93 S.W. (2d) 799; Tygart v. Hulshizer (Tex.Civ. App.) 234 S.W. 1116; Turner v. Montgomery (Tex.Civ.App.) 67 S.W.(2d) 637; Gleghorn v. Russell (Tex.Civ.App.) 62 S. W.(2d) 285.

It is therefore our conclusion that the judgment of the court below should be affirmed in all respects, except as indicated, but, in so far as it refused plaintiff a recovery upon the note against P. A. Diltz, should be reversed and here rendered that said plaintiff have and recover of said defendant the amount of principal, interest, and attorney's fees due upon the note as prayed for, all of which is accordingly so ordered.

### On Rehearing.

In his motion for rehearing appellee P. A. Diltz very earnestly contends, in effect, if we rightly interpret the argument, that the rule or principle of law which upon our view was held determinative of his personal liability has application only, if at all, where the doctrine of innocent purchaser is involved.

 We do not believe the operation of the general rule that parol evidence may not be received to contradict or vary the terms of a written contract is so restricted.

 We have heretofore sanctioned a proposition as follows: "The parol evidence rule forbids the proof of any oral agreement varying the time of payment, or reducing, or increasing the amount stipulated in the written contract to be paid, as for example (of the latter) an agreement that a less sum is to be paid upon a certain contingency or providing for a remission or rebate of a portion of the principal or interest, or providing that payment is to be made in something besides money." Robert & St. John Motor Co. v. Bumpass (Tex. Civ.App.) 65 S.W.(2d) 399, 402, and authorities cited. That rule, as we understand it, where applicable at all, is just as applicable in a suit between the original parties to a contract where, of course, there can be no question of innocent purchaser, as it is in suits where that question is involved. A makes a note to B for $100, due in 30 days. After default, B sues A to recover. A offers to prove that he had an agreement with B that he was not to pay the $100 unless he made a particular deal, and that he failed to make such deal. The evidence is just as incompetent as if the suit was by C, an innocent purchaser of the note from B.

If the proposition above quoted be correct, what distinction in principle could justify the proposition that the parol evidence rule forbids proof of an agreement that the maker of a note shall pay less than

the amount promised in the note, but permits proof of an agreement that he was to pay nothing? The suit of Cottingham v. Harrison (Tex.Civ.App.) 89 S.W.(2d) 255, 257, was between the original parties to a written contract—one seeking to enforce one of the contract obligations of the other. The defendant offered to prove a parol agreement that he was not to be liable for the debt specified in the contract, save and except such part as was afterwards to be taken over by one O'Sullivan. Our conclusion that the proof of such agreement was inadmissible under the rule stated was based upon reasoning like this: "If the rule forbids proof of agreements that 'a less sum is to be paid upon a certain contingency,' or providing for 'a remission or rebate of a portion of the principal or interest,' how can it be plausibly contended that the rule would not exclude proof of an agreement to the effect that no part of the promised payment was to be made, or was to be made only upon some contingency not specified in the written contract? *There is no exception to the parol evidence rule, so far as we know, which would sanction proof of a contemporaneous parol agreement directly in conflict with executory provisions of the written contract.*" (Italics ours.) The emphasized statement contemplates an executed (including delivered) written contract not sought to be avoided or reformed upon equitable grounds such as fraud, accident or mistake.

■ In cases in which by reason of ambiguity in a written contract parol evidence may be admitted, there is no question of *contradicting* any part of the written contract. The parol evidence merely serves the purpose of showing what the writing means. In the case of McFarland v. Shaw (Tex.Com.App.) 45 S.W.(2d) 193, so strongly relied upon by the appellee, the decision was rested upon, we think, the principle not of contradicting the express promissory obligation of the contract, but the existence of an ambiguity having reference to the capacity in which the makers obligated themselves. The ambiguity arose because of the words "sole heirs of C. S. McFarland, deceased" following the signatures of all but one of the signers and the words "surviving widow of C. S. McFarland" following the signature of the other. If such was not the basis of that decision, then the far larger part of the discussion was wholly beside any question in the case.

■ The claim of P. A. Diltz that he is not liable on the note is not on the ground of want of consideration therefor. There was no verified plea tendering such issue. But, even if there had been, the undisputed evidence showed that the payee in the note actually paid the full amount thereof to Mrs. Tommie Lou Diltz, who placed it to her account, and subject to her check in a Merkel bank. So far as consideration was necessary to support the promises to pay the $750, there was full consideration, and it was immaterial how or for whose benefit the borrowed money was actually used.

Independently of the other questions, there was no pleading of any agreement by and between W. L. Diltz, Sr., the payee in the note, and P. A. Diltz, one of the makers, that the latter was not to be liable. Appellee alleged that "he had nothing to do with such transaction and took no part in the arrangements whereby his wife, Tommie Lou Diltz, borrowed any money from W. L. Diltz, Sr., and gave a deed of trust on said property to secure such loan, other than to sign the $750 note and the deed of trust as described in plaintiff's petition. That he signed such instruments because he was requested so to do in virtue of his being the husband of said Tommie Lou Diltz, and because of the requirements of the law with regard to such papers. That none of the money, if any, actually loaned by W. L. Diltz, Sr., on the strength of such instruments, ever came into his hands, he did not have anything to do with the spending of any of same, and none of same was used for the benefit of his family or any property owned separately by either him, his wife, or their community estate. That he simply signed said note and deed of trust pro forma and no credit was extended *in so far as he was informed* in connection with such loan *because of his representations or personal liability.* Therefore, he says he is not personally liable as sued by plaintiff and of this he prays judgment of the court." (Italics ours.)

From a careful reading of said allegations it will be seen that every fact alleged may be true and yet that would not imply necessarily an agreement by the contracting parties that he was not to be liable. If, as alleged, the wife, Tommie Lou Diltz, borrowed money from W. L. Diltz, Sr., and appellee, her husband, signed the note, it is wholly immaterial that he had nothing

else to do with the transaction and took no other part in the arrangement. It is equally unimportant that he signed the instruments "because he was requested so to do in virtue of being the husband" and because of supposed legal requirements. If the wife borrowed the money, for which the note was given as alleged, and actually received the money, as the undisputed evidence shows she did, it is immaterial, as said before, how the money was used, or who were the actual beneficiaries of such use.

The validity of a note can in no way be affected so far as we can see simply and solely because of invalidity of a lien given to secure same.

The motion for rehearing is overruled.