**H. Ted BLEDSOE, Appellant,**

v.

**Florence E. MILLER, Appellee.**

No. 6295.

Court of Civil Appeals of Texas, El Paso.

May 23, 1973.

Rehearing Denied June 13, 1973.

Holvey Williams, El Paso, for appellant.

Dudley R. Mann, El Paso, for appellee.

## OPINION

PRESLAR, Justice.

This is an appeal from a suit brought by Appellee for several sums of money which she claimed were loaned to Appellant at various times. The trial Court granted Appellee's motion for instructed verdict for the sum of $600.00 claimed by Appellee, and the jury found in her favor on two other sums of $160.00 and $80.00 which she claimed were loaned to Appellant. We affirm.

Briefly stated, the facts are that Appellee, a widow, met Appellant when he was doing remodeling work on her home. Thereafter, the parties dated for approximately two years. Appellee testified that Appellant discussed his financial situation with her, and told her that if he could get the money from her to buy a truck he could use it to increase his income and would pay her back. On April 1, 1968, Appellee delivered a check to Appellant for $600.00 which Appellant was going to use for the purpose of buying the truck. The record reflects a written instrument with Appellant's signature which states:

"April 1, 1968

"I, Horace T. Bledsoe, agree to return payment of six Hundred ($600.00) dollars to Florence E. Miller as soon as possible."

On June 17, 1968, Appellee delivered another check for $160.00 to Appellant, which amount was to be used for back payments on Appellant's automobile. The third sum which Appellee claimed she loaned Appellant was $80.00 on June 27, 1968, which Appellee testified was to be used for an outstanding payment on Appellant's insurance. None of these sums were repaid to Appellee. The trial Court directed a verdict for the sum of $600.00, and the jury found that the other two sums were loans by Appellee to Appellant. The only issue before the jury was whether or not the sums of $160.00 and $80.00 were loans or gifts. Appellant did not testify, and offered no evidence in defense of Appellee's claims.

Appellant's first point of error is that the trial Court erred in instructing a verdict for the $600.00 sum, as "there is no pleading or proof to substantiate this action," and that the language in the instrument signed by Appellant agreeing to return the $600.00 amount "as soon as possible" may not be varied or contradicted by Appellee's oral testimony.

Appellee testified without objection that the period of time contemplated by Appellant and Appellee before the $600.00 sum was due was within "two or three weeks." This suit was instituted by Appellee approximately a year and a half after the instrument was executed. In 23 Tex. Jur.2d, Sec. 350, is found the following statement:

"Parol evidence is admissible to explain ambiguous words, phrases, or provisions in a written instrument, or to explain words that, though not ambiguous in themselves, require some explanation, insofar as their employment in the instrument is concerned."

Such evidence does not contradict or vary the agreement, but merely serves the purpose of demonstrating what the writing means. McCormick and Ray, Texas Law of Evidence (2nd Ed), Vol. 2, Sec. 1681, p. 516; Fenn v. Estate of Burnett, 405 S.W. 2d 161 (Tex.Civ.App.—Fort Worth 1966, no writ); Van Horn Irrigated Farms, Inc. v. Leonard, 295 S.W.2d 516 (Tex.Civ.App. —El Paso 1956, no writ); Best Building

Company v. Sikes, 394 S.W.2d 57 (Tex. Civ.App.—Fort Worth 1965, writ ref'd n. r. e.); Manning v. Barnard, 277 S.W.2d 160 (Tex.Civ.App.—Dallas 1955, writ ref'd n. r. e.); Williamson v. Diltz, 101 S.W.2d 833 (Tex.Civ.App.—Eastland 1937, writ dism'd).

▪ The contention that the pleadings of the Plaintiff-Appellee were insufficient is without merit. Appellee alleged a loan evidence by an instrument in writing. There were no exceptions to the pleadings, no special denials, no objection to any of the evidence, and no objection to the charge of the Court. The pleadings will support the judgment, and issues not raised by the pleading but by the evidence were tried by consent and any objection thereto was waived. The evidence will support an implied finding of the trial Court that the note was due—that any contingency which might exist had been met. Appellee was the sole witness and she testified without objection or contradiction. She stated that in asking for the loan Appellant told her: "I have three outstanding jobs at this time, and when they are paid I will refund the money to you." He had completed those jobs at the time of the loan and was waiting for his pay, that it was a matter of a few days that he was to receive his pay in the form of a commission. Asked "Did he receive his commission, to your knowledge?", she responded, "He did, as far as I know." Appellant's point of error number one is overruled.

▪▪ Appellant contends in his second point of error that the sums of $80.00 and $160.00 were never shown to be due, that a contingency existed which had never been fulfilled. The only jury questions answered were that both sums were loans. These findings are not challenged, and are fully supported by the evidence. We have then a situation where the debt is established—Appellant is obligated to repay the loan—and the question is the due date. The contingency urged is that payment would be made when Appellant received expected money from his two sons. The proof was that Appellant was expecting to receive money from his two sons in excess of the amounts loaned, and that he also had income from his work in the construction business. In support of its judgment, the trial Court could have found that the time fixed for repayment, (when the sons sent money), was merely a convenient time for repayment and not a contingency fixing the time payment was due. Under such presumed finding the contingency of the happening of the future event would not control, and the law would fix the time of payment to be within a reasonable time. Controlling of this part of the case is the law enunciated in Wisznia v. Wilcox, 438 S.W.2d 874 (Tex.Civ.App.—Corpus Christi 1969, writ ref'd n. r. e.):

"If the parties intend that the debt shall be absolute, and fix upon a future event merely as a convenient time for payment, the debt will not be contingent, and if the future event does not happen as contemplated, the law will require payment to be made within a reasonable time. Williston on Contracts, Third Edition, Vol. 5, § 799."

Indulging the presumption that the trial Court found, in support of its judgment, that repayment of the loan was due within a reasonable time, and that such time had elapsed, we overrule Appellant's second point of error.

All points of error having been considered, and all are overruled, the judgment of the trial Court is affirmed.