John H. PITTMAN et al., Appellants,

v.

Mack L. OWENS, Jr., Appellee.

No. 4884.

Court of Civil Appeals of Texas, Eastland.

April 1, 1976.

Rehearing Denied April 22, 1976.

John W. Hicks, Jr., Bergman & Hicks, Dallas, for appellants.

A. Joe Riddles, Kraus, Semon & Riddles, Richardson, for appellee.

McCLOUD, Chief Justice.

Plaintiff, Mack L. Owens, sued defendants, John H. Pittman, John C. Bacon, and R. Garrow Wessendorff, jointly and severally, seeking damages and specific performance for the breach of a contract which required defendants to cause certain loan accounts to be removed from the Commercial National Bank of Dallas and transferred to the Commonwealth National Bank of Dallas. When plaintiff rested, the court instructed a verdict for defendants as to plaintiff's claim for monetary damages. After both parties closed, the court instructed a verdict for plaintiff for specific performance. Defendants have appealed. We reverse and remand.

Plaintiff and defendants entered into a stock purchase agreement whereby plaintiff purchased from defendants the controlling interest in the Commercial National Bank of Dallas. The defendants also owned 59% of the Commonwealth National Bank of Dallas. The controversy concerns paragraph 13 of the agreement which provides:

"Upon receipt of notice to be given by Purchaser within ninety (90) days from date of closing in writing to Seller, the Seller shall cause to be transferred from the Bank to Commonwealth National Bank of Dallas *as soon as practicable*, any one or all of the following loan accounts:
(1) M. A. Ward
(2) Joe Hefner
(3) Country Squire Mobil Homes
(4) Richard Dennie
(5) Hugh Bearden
(6) Tricon Int. Airline, Inc.
(7) Jim Hughes
Seller and Purchaser agree that during the period affected by the requirements of this paragraph, that neither Bank will cause the loan balance of these borrowers to be increased other than by reason of accrued interest, nor allow the collateral position of such loans to decrease." (Emphasis added.)

Plaintiff contends defendants failed to remove the Hugh Bearden and Richard Dennie accounts.

The trial court's judgment provides:
" . . . John H. Pittman, John C. Bacon and Robert Garrow Wessendorff, jointly and severally, are Ordered to immediately, forthwith, and without any delay remove and cause to be transferred the Hugh Bearden loan accounts (comprised of two notes, one in the current amount of Three Thousand Thirty-Two and 17/100 ($3,032.17) Dollars and the other in the current amount of Twenty-Two Thousand, Nine Hundred Thirteen and 89/100 ($22,913.89) Dollars) and the Richard Dennie loan account (in the current amount of Twenty-Two Thousand, Six Hundred Twenty-Five and 14/100 ($22,625.14) Dollars), from the Commercial National Bank of Dallas, all to be done within the ordinary course and scope of banking business by properly compensating the Commercial National Bank of Dallas whereupon the Plaintiff will cause the loans to be properly assigned, conveyed, and transferred to the said Defendants or at the Defendants' direction to the Commonwealth National

Bank of Dallas. That the steps to be taken by the Defendants shall include, but not be limited to, the retiring of the said loan accounts if the same be necessary to effect the purposes of removing the same from the Commercial National Bank of Dallas . . ."

Defendants first argue the language "as soon as practicable" contained in paragraph 13 is ambiguous, and the court erred in not permitting extrinsic evidence as to the intentions of the parties. Defendants were not permitted to show that the parties to the agreement intended by the language "as soon as practicable" that any loan accounts would not be subject to transfer if "classified" by the national bank examiners, or if transfer would constitute an "overline of credit." The two accounts in question were classified.

We think the term "as soon as practicable" as used in the contract is ambiguous. *Bledsoe v. Miller*, 496 S.W.2d 140 (Tex.Civ. App.—El Paso 1973, no writ; *Williams v. Cooper*, 504 S.W.2d 564 (Tex.Civ.App.—Eastland 1973, no writ); *Berry Bros. v. Fairbanks, Morse & Co.*, 51 Tex.Civ.App. 558, 112 S.W. 427 (1908, no writ).

Plaintiff argues the language is unambiguous and means "within a reasonable time." He relies upon *National Surety Corporation v. Diggs*, 272 S.W.2d 604 (Tex.Civ.App.—Forth Worth 1954, writ ref. n.r.e.), and *U. S. Insurance Company v. Brown*, 285 S.W.2d 843 (Tex.Civ.App.—Texarkana 1955, no writ). These cases are distinguishable. It is clear that the term, "as soon as practicable," as used in the insurance policies in those cases dealt only with the time in which the event was to occur. This is not true in the contract under consideration. The individual defendants in paragraph 13 agree to *cause, as soon as practicable*, the transfer of certain loan accounts from one bank to another bank. Neither bank was a party to the contract. The contract discloses the necessity of some type of performance by persons or entities not parties to the contract. It is not clear that the language deals only with the time in which the event is to occur. The meaning of the

contract between plaintiff and defendants was reasonably susceptible to more than one meaning, and the court committed reversible error in not admitting extrinsic evidence to remove the ambiguity. *Trinity Universal Insurance Company v. Ponsford Brothers*, 423 S.W.2d 571 (Tex.Sup.1968).

In view of our holding, we have not considered defendants' other points.

Judgment of the trial court is reversed and the cause remanded.